UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY OLIPHANT by his next friend Vorcelia Tanya Oliphant,<br>    Petitioner, | :<br>:<br>: |
| v. | :  PRISONER<br>:  3:07-cv-1433 (WWE)<br>: |
| STATE OF CONNECTICUT et al.,<br>    Respondents. | :<br>: |

## RULING ON PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT

Petitioner Vorcelia Tanya Oliphant brings this petition for a writ of habeas corpus on behalf of her brother, Anthony Oliphant. The Court previously denied petitioner's petition on October 9, 2007 (Doc. #3) as well as a motion for reconsideration of the Court's October 9 order on November 6, 2007 (Doc. 6). Both times, the Court's denial was without prejudice to Mr. Oliphant's filing of his own petition. Ms. Oliphant now seeks relief from the Court's October 9, 2007 decision pursuant to Federal Rule of Civil Procedure 60(b). For the reasons that follow, the Court will deny Ms. Oliphant's motion for relief from judgment.

Rule 60(b) provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for ... any other reason that justifies relief." A motion for this relief must be brought "within a reasonable time" after the entry of the order from which relief is sought. Fed. R. Civ. P. 60(c)(1).

A petitioner bringing an action as "next of kin" or as "next friend" must assert within the complaint why the individual whose interest is at stake cannot bring the action himself. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990). As the Court

1

expressed in its previous rulings, Ms. Oliphant has not stated any reasons why Mr. Oliphant cannot bring this cause of action himself pursuant to 28 U.S.C. § 2254.

Further, only a licensed attorney may represent another in federal court. Pridgen v. Andresen, 113 F.3d 391, 393 (2d Cir. 1997) ("[A]ppearance pro se denotes (in law latin) appearance for one's self; so that a person ordinarily may not appear pro se in the cause of another person or entity."); see also Weber v. Garza, 570 F.2d 511, 513-514 (5th Cir. 1978) (noting that next-of-friend status does not allow an individual to be represented by a non-attorney). Because Ms. Oliphant has not alleged any reasons why her brother cannot bring this action himself, nor is she a licensed attorney in the state of Connecticut, she cannot bring this action on behalf of Mr. Oliphant.

Ms. Oliphant alleges in her motion that her rights were violated by the actions taken by respondents against her brother. If that is the case, she must bring an original action on her own behalf.

To the extent that Mr. Oliphant has legitimate grievances against respondents, he must bring his own action against them, with or without an attorney.

For the foregoing reasons, the Court DENIES Ms. Oliphant's motion for relief from the Court's judgment (Doc. #3). This ruling is without prejudice to Mr. Oliphant's filing of a petition for a writ of habeas corpus, either on his own behalf or through counsel.

Dated at Bridgeport, Connecticut, this 10th day of November, 2008.

/s/
Warren W. Eginton
Senior United States District Judge

2