UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANTHONY OLIPHANT, by his next friend Vorcelia Tanya Oliphant,  Petitioner, | : : : : |
| v. | : PRISONER : 3:07-cv-1433 (WWE) : |
| STATE OF CONNECTICUT et al.,  Respondents. | : : : |

**RULING ON PETITIONER'S MOTION FOR CERTIFICATE OF APPEALABILITY
AND MOTION FOR DOCKET TO PROPERLY REFLECT APPELLANT**

Petitioner Vorcelia Tanya Oliphant brought a petition for a writ of habeas corpus on behalf of her brother, Anthony Oliphant. The Court denied petitioner's petition on October 9, 2007 (Doc. #3), a motion for reconsideration of the Court's October 9 order on November 6, 2007 (Doc. #6) and a motion for relief from the Court's judgment on November 8, 2007 (Doc. #8). Each time, the Court's denial was without prejudice to Mr. Oliphant's filing his own petition. Ms. Oliphant now seeks a certificate of appealability pursuant to 28 U.S.C. § 2253(c) (Doc. #11) and a correction of the docket to reflect the proper appellant (Doc. #12).

A district court shall issue a certificate of appealability when it:

> denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, ... if the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 478 (2000). Here, jurists of reason would not find it debatable that a prisoner's sister may not assert a habeas claim on behalf of her

1

brother.  Therefore, the Court will deny petitioner's motion and not issue a certificate of appealability.

As to petitioner's second request, the case caption on top of this ruling reflects the caption on the original complaint (Doc. #1), with some minor modifications to conform to the Court's standard practices.  The Clerk shall ensure that all documents and filings issued by the Court maintain this case caption.  Petitioner should be aware that because Anthony Oliphant is the party-in-interest and Ms. Oliphant is asserting claims on his behalf, his name remains the first one in any reference to the case.  This listing is not binding or controlling on any legal matter.  To the extent that notices may go to Mr. Oliphant's address, Ms. Oliphant is instructed to contact the Clerk's office of this Court to change the contact information on the case.  Therefore, the Court will find petitioner's motion in this regard moot.[1]

For the foregoing reasons, the Court DENIES petitioner's motion for a certificate of appealability (Doc. #11) and FINDS AS MOOT petitioner's motion to ensure that the docket correctly reflect the parties (Doc. #12).

Dated at Bridgeport, Connecticut, this _17th____ day of February, 2009.

                                          /s/
                                    Warren W. Eginton
                                    Senior United States District Judge

---

[1] The Court notes that Mr. Oliphant filed a motion for reconsideration (Doc. #5) of the Court's sua sponte dismissal of the case (Doc. #3); the Court denied such reconsideration.  Had Mr. Oliphant filed his own initial petition, the result may have been different.  However, Ms. Oliphant filed the petition for habeas corpus on her brother's behalf.  Ms. Oliphant lacks standing to assert such a claim and Mr. Oliphant's request for reconsideration does not affect whether Ms. Oliphant can assert that claim.